# NO. 12-21-00223-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EDDIE LYNN BRYAN, APPELLANT* | § | *APPEAL FROM THE 273RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SAN AUGUSTINE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Eddie Lynn Bryan appeals his conviction for harassment by persons in certain facilities. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with harassment by persons in certain facilities.[1] He pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the evidence showed that Appellant was an inmate in the San Augustine County Jail. One day, the jail administrator, the chief deputy, and Jail Sergeant Angela Bradberry moved him from an isolation cell to a general population cell. During the move, Appellant called Bradberry a bitch and told her that he was not going to tolerate the move and would "get" her.

That day, every time Bradberry made a round, Appellant let her know he was unhappy, including telling her what he was going to do to her sexually. Bradberry ignored the comments.

---

[1] A third-degree felony. *See* TEX. PENAL CODE ANN. § 22.11(a)(1), (b) (West 2019).

Around ten o'clock, when Bradberry was giving medication to another inmate through the bean hole,[2] Appellant reached through the bean hole, grabbed the apparatus used during cell checks, grabbed Bradberry, and tried unsuccessfully to remove the apparatus from her hand. Later, when Bradberry opened the bean hole at mealtime, Appellant threw a cup full of urine on her. Afterwards, he said, "I told you, bitch, I was going to get you. This is TDC style."

Ultimately, the jury found Appellant "guilty" and assessed his punishment at imprisonment for ten years. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he has reviewed the record and concluded the appeal is frivolous. In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[3]

We conducted an independent review of the record in this case and found no reversible error. *See id.* We conclude that the appeal is wholly frivolous. *See id.*

## CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so, we agree with Appellant's counsel that the appeal is wholly frivolous. Accordingly, we *grant* counsel's motion for leave to withdraw and *affirm* the trial court's judgment.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should

---

[2] A slot in the cell wall through which items are passed.

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of the motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired, and no pro se brief was filed.

Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered August 30, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 30, 2022**

**NO. 12-21-00223-CR**

**EDDIE LYNN BRYAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 273rd District Court

of San Augustine County, Texas (Tr.Ct.No. CR-20-9186)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*